UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TMJ GROUP, LLC | * | CIVIL ACTION NO. 17-4677 |
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE |
| IMCMV HOLDINGS, INC., ET AL. | * | NANNETTE JOLIVETTE BROWN |
| | * | |
| | * | MAGISTRATE JUDGE |
| | | JANIS VAN MEERVELD |
| ************************************* | * | |

## ORDER AND REASONS

Before the Court is the Motion for Leave to Amend Complaint filed by TMJ Group, LLC. For the following reasons, the Motion is GRANTED.

## Background

Plaintiff TMJ Group, LLC, ("TMJ") filed this lawsuit on May 3, 2017, alleging that it had been fraudulently induced to invest in two Margaritaville restaurants by defendants IMCMV Holdings, Inc. ("IMC Holdings"), IMCMV Management, LLC ("IMC Management", and with IMC Holdings, the "IMC Defendants"). Trial is set to begin May 14, 2018. Pursuant to the Scheduling Order issued by the District Court, the deadline to amend pleadings was August 14, 2017. The deadline to complete discovery is March 14, 2018.

TMJ now seeks leave to amend its Complaint to add facts regarding the purported fraudulent misrepresentations, to assert new causes of action arising from the same operative facts, to demand a jury, and to add TMJ Developer, LLC ("TMJ Developer") as a plaintiff. Plaintiffs explain that the new allegations arise out of facts elicited during discovery. The IMC Defendants oppose.

1

Law and Analysis

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(2); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

Here, the Court finds good cause to allow TMJ to amend its Complaint. TMJ's explanation for its delay in filing is that new facts were learned in discovery. As TMJ notes, the IMC

Defendants have not yet filed an answer so TMJ has not been made aware of Defendants' affirmative defenses. The amendment is important because, where possible, it is preferable to have all the claims decided together. Plaintiff insists no new discovery will be required because the new party is comprised of the same individual members as plaintiff TMJ, and because the new causes of action arise out of the same facts as asserted in the original Complaint. Even if additional discovery is required, a continuance of the discovery deadline, expert report deadline, and, if necessary, the trial, could cure any prejudice. Similarly, a continuance could cure the other prejudice that the IMC Defendants cite. Although the District Court determined that a continuance would not be granted in December when the discovery deadline was still three months away and the trial five months away, the IMC Defendants have presented no reason why a continuance would not be possible if required now. Accordingly, the Court finds there is good cause to allow TMJ's proposed amendment.

## Conclusion

For the foregoing reasons, the Motion for Leave to Amend Complaint is GRANTED; the Amended Complaint shall be entered into the record.

New Orleans, Louisiana, this 7th day of March, 2018.

                                          Janis van Meerveld
                                    United States Magistrate Judge